Case 4:10-cv-04037-RAL Document 98 Filed 06/28/13 Page 1 of 3 PageID #: 876

**FILED**
JUN 28 2013

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAKOTA, MINNESOTA & EASTERN RAILROAD CORPORATION, a Delaware Corporation, | * * * * | CIV 10-4037-RAL |
| Plaintiff, | * * | ORDER DENYING DEFENDANT'S SECOND |
| vs. | * * | RENEWED MOTION FOR ATTORNEYS FEES AND |
| KEVIN V. SCHIEFFER, | * * | EXPENSES |
| Defendant. | * | |

On April 9, 2010, Plaintiff Dakota, Minnesota & Eastern Railroad Corporation ("DM&E") filed a Complaint, Doc. 1, seeking injunctive relief to prevent Defendant Kevin Schieffer ("Schieffer") from pursuing a Demand for Arbitration before the American Arbitration Association ("AAA"). On June 16, 2010, this Court issued an Opinion and Order, Doc. 26, granting Defendant's motion to dismiss for lack of subject matter jurisdiction. Dakota, Minnesota & E. R.R. Corp. v. Schieffer, 744 F. Supp. 2d 987, 997 (D.S.D. 2010). DM&E appealed and the United States Court of Appeals for the Eighth Circuit affirmed this Court in part and remanded on an issue that was not addressed previously by the parties or this Court. Dakota, Minnesota & E. R.R. Corp. v. Schieffer, 648 F.3d 935, 940 (8th Cir. 2011). After further briefing and argument, this Court again ruled that it lacked subject matter jurisdiction over DM&E's Complaint because the Employment Agreement between the parties was a free-standing contract—and one where diversity jurisdiction was lacking—and was not an ERISA plan nor did it relate to an ERISA plan such that federal question jurisdiction was proper. Dakota, Minnesota & E. R.R. Corp. v. Schieffer, 857 F. Supp. 2d 886, 889 (D.S.D. 2012). On March 28, 2013, the Eighth Circuit affirmed that decision. Dakota, Minnesota & E. R.R. Corp.

v. Schieffer, 711 F.3d 878, 883 (8th Cir. 2013).

Section 9(b) of the Employment Agreement at issue obliges DM&E to pay Schieffer legal fees and expenses incurred if Schieffer prevails in a dispute regarding rights and benefits under the Employment Agreement. On April 24, 2010, Schieffer filed Defendant's Second Renewed Motion for Attorneys' Fees and Expenses, Doc. 91, in this Court while concurrently seeking attorney fees before the Eighth Circuit under the same legal theory. Doc. 97 at 2. The Eighth Circuit's Local Rule 47C states that a party may file a motion for attorney fees with the clerk within 14 days of the entry of judgment. 8th Cir. R. 47C; Doc. 92 at 7. After hearing objections from the opposing party, the Eighth Circuit "may grant . . . reasonable attorney fees to a prevailing party." 8th Cir. R. 47C(a). Schieffer states that

> [He followed Local Rule 47C] and moved the Eighth Circuit for an award of attorneys fees and also for remand to this Court for consideration of the same. Schieffer respectfully suggests that this Court should hold off on ruling on this motion until the Eighth Circuit has determined whether it will fix compensation or ask this Court to hear and determine the entirety of Schieffer's request.

Doc. 92 at 7.

On May 30, 2013, the Eighth Circuit denied Schieffer's motion for attorney fees because, just as federal courts lacked subject matter jurisdiction over DM&Es' Complaint based on the Employment Agreement, federal courts lack jurisdiction to determine an award of attorney fees pursuant to the Employment Agreement's provisions. Dakota, Minnesota & E. R.R. Corp. v. Schieffer, 715 F.3d 712, 712 (8th Cir. 2013). The Eighth Circuit denied his motion to remand to this Court for a determination of reasonable attorney's fees because "neither [the Eighth Circuit] nor the district court has jurisdiction to award fees based on the contracts at issue." Id.

2

at 713.

Because Schieffer moved concurrently in the Eighth Circuit for an award of attorney's fees under pursuant to his contracts with DM&E, and because the Eighth Circuit denied his motion for lack of federal jurisdiction over those contracts, this Court must deny Schieffer's motion for those reasons stated by the Eighth Circuit. This Court has previously observed "[i]f the Eighth Circuit affirms the Opinion and Order of this Court granting Schieffer's motion to dismiss for lack of subject matter jurisdiction (Doc. 26), the arbitrator under the AAA appears to have authority to decide the issue presented by Schieffer's Motion for Attorney's Fees and Expenses." Doc. 84. Thus, Schieffer must press his demand for attorney fees in a different forum.

Therefore, it is hereby

ORDERED that Defendant's Second Renewed Motion for Attorney's Fees and Expenses, Doc. 91, is denied.

Dated June 28th, 2013.

BY THE COURT:

ROBERTO A. LANGE

UNITED STATES DISTRICT JUDGE